IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| **Electronic Instrumentation and Technology, Inc.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**APA Enterprises, Inc.,** )<br>)<br>**Defendant**. )<br>) | Civil Action No. 1:05cv571 |

## AMENDED AND CORRECTED MEMORANDUM OPINION[1]

This action went to trial with a jury on four of the complaint's original nine counts. The court granted judgment as a matter of law on one of the four counts at the close of the evidence. The jury found for defendant on two of the remaining three counts. On the final count - for breach of contract - the jury found for plaintiff and awarded damages of $35,000. Judgment was entered on that verdict.

Plaintiff has now moved for amendment of the judgment or, in the alternative, for partial judgment as a matter of law, to add injunctive relief to the judgment. Because injunctive relief is not available on the sole count for which the jury found in plaintiff's favor and would not have been appropriate on either of the other two counts that went to the jury even had the jury found for plaintiff, the court will deny the motion.

### Summary of the Case

In 2003, the parties were engaged in business discussions, during which plaintiff provided defendant with confidential information pursuant to a confidentiality agreement. The agreement limited defendant's use of plaintiff's information to (1) evaluation of plaintiff's possibly sourcing a component from defendant and (2) evaluation of defendant's possibly acquiring a business unit from plaintiff. The agreement expressly prohibited defendant from using plaintiff's confidential information for any other purpose. The confidential information provided by plaintiff consisted of (1) financial information regarding plaintiff's UV business and (2) a one page requirements

---

[1] This opinion has been amended to correct a typographical error in the last sentence of the carryover paragraph on the top of page 5, namely the inadvertent omission of the word "not."

sheet for plaintiff's UV filter.  Ultimately, the discussions did not result in any transactions between the companies.

Several months after discussions between the parties ended, defendant announced the introduction of a new product, the Profiler M.  The Profiler M product competes in the same overall market as several of plaintiff's products.  Defendant was actively developing the Profiler M at the time it received plaintiff's confidential information.  Defendant did not disclose the development of the Profiler M in the course of the business discussions between the parties.

At trial plaintiff presented evidence tending to show that defendant breached the confidentiality agreement by using plaintiff's financial information to estimate the potential market for the Profiler M, and by providing confidential information contained in the filter requirements sheet to an engineer working on the Profiler M product.  As to the filter information, defendant presented unrebutted evidence that the Profiler M relied on a different form of UV-measuring technology than plaintiff's products.  Plaintiff did not offer any evidence that defendant has ever used the filter information for any purpose.

Plaintiff did not present expert testimony on damages, relying instead on the testimony of Joe May, plaintiff's president, regarding the profitability of plaintiff's products.  Plaintiff also introduced a document containing defendant's estimate regarding future sales of the Profiler M.  However, defendant presented evidence that its future sales projection had overestimated defendant's actual sales by a factor of thirty.

Plaintiff's complaint alleged nine counts: (1) fraud by concealment, (2) fraud in making a contact, (3) intentional misrepresentation, (4) misappropriation of trade secrets under the Virginia Uniform Trade Secret Act, Va. Code § 59.1-336 *et seq.*, (5) tortious interference with prospective economic advantage, (6) negligent misrepresentation, (7) breach of contract, (8) unfair competition, and (9) inequitable conduct.  The prayer for relief in the complaint sought compensatory and punitive damages for counts 1 through 8, which included plaintiff's claim for breach of contract.  Plaintiff sought equitable relief in the form of disgorgement of profits pursuant to defendant's alleged fraud (counts 1-3) and inequitable conduct (count 9).  Plaintiff also sought injunctive relief requiring defendant to return plaintiff's documents, prohibiting defendant from future use of plaintiff's confidential and proprietary information, and prohibiting defendant from future interference with plaintiff's prospective economic advantage.  The complaint itself does not seek specific performance of the confidentiality agreement at issue, nor does its general request for injunctive relief refer to any particular count.

The court had granted partial summary judgment in favor of defendant and dismissed counts 1, 3, 6, 8, and 9 of the complaint. The case went to trial on plaintiff's remaining four claims.

At the close of plaintiff's case in chief, defendant moved for judgment as a matter of law on all counts. The court denied defendant's motion at that time. Defendant renewed its motion for judgment as a matter of law as to all four of the remaining counts at the close of all the evidence. The court granted defendant's motion for judgment as a matter of law with respect to plaintiff's claim of tortious interference (count 5).

Plaintiff then raised its motion for judgment as a matter of law on its breach of contract claim, seeking what counsel described as specific performance in the form of an injunction preventing the distribution of defendant's Profiler M product until the term of the contract expired. The court declined plaintiff's request for injunctive relief at that stage of the proceedings.

At plaintiff's request, and over defendant's objections, the jury was instructed on compensatory damages for both actual and future losses. Plaintiff did not seek interrogatories or a special verdict regarding equitable relief. During its deliberations, the jury requested additional guidance on how to calculate the loss actually sustained by plaintiff, asking specifically whether it was permissible to use estimated losses due to estimated future sales in calculating the loss. The court gave a supplemental instruction on that issue.

With respect to plaintiff's claims for fraud and misappropriation of trade secrets, the jury returned a verdict in defendant's favor. On plaintiff's breach of contract claim, the jury returned a general verdict in plaintiff's favor, awarding compensatory damages in the amount of $35,000. Plaintiff did not again raise its request for injunctive relief before the court entered judgment on the jury's verdict. Plaintiff then filed the instant motion.

## Analysis

Virginia law applies in this diversity action. In order to obtain an injunction under Virginia law, a party "must show irreparable harm and the lack of an adequate remedy at law." *Black & White Cars, Inc. v. Groome Transportation, Inc.*, 441 S.E.2d 391, 395 (Va. 1994). Federal courts applying Virginia law have articulated the standard as a three part inquiry into (1) the adequacy of the remedy at law, (2) the balance of the equities, and (3) the public interest. *Safeway, Inc. v. CESC Plaza Limited Partnership*, 261 F. Supp. 439, 467 (E.D. Va. 2003).

The sole count on which the jury found for plaintiff, breach of contract, stated what was a

traditional common law claim for which equitable relief such as specific performance or an injunction would not be available. This reason alone might justify denial of plaintiff's motion. Assuming, though, that such remedies might be available under modern federal pleading standards, the court conducts the following analysis.

**A. Plaintiff's Motion to Amend Judgment**

A motion for amendment of judgment under Rule 59(e) may be granted on one of the following grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F2d 1076, 1081 (4th Cir. 1993). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1 at 124 (2d ed. 1995)(citations omitted). Rule 59(e) motions "cannot be used a vehicle to relitigate matters already argued and disposed of," but merely permit courts to correct errors of law. *United States v. Western Electric Co.*, 690 F. Supp. 22, 25 (D.D.C. 1988); *see also* Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1 at 127-28 (2d ed. 1995)(citations omitted). A motion to amend judgment is appropriate where the original judgment has failed to give relief on a claim on which it is found that the party is entitled to relief. *Continental Cas. Co. v. Howard*, 775 F.2d 876, 883-84 (7th Cir. 1985)(citations omitted).

The *Hutchinson* test controls plaintiff's motion to amend the judgment. Plaintiff's citation to two pre-*Hutchinson* decisions (*Ganey v. Edwards*, 759 F.2d 337 (4th Cir. 1985) and *Spencer v. General Electric Co.*, 703 F. Supp. 466 (E.D. Va. 1989)) is unavailing. Plaintiff's motion implicates only the third of the Hutchinson factors: "prevent[ing] manifest injustice." Plaintiff contends that amending the judgment is warranted thereunder because "it is certain" that defendant will continue to breach its obligations under the confidentiality agreement unless such conduct is prohibited by this court. (Pl.'s Rebuttal Mem. at 3.) However, on plaintiff's own evidence, as it argued to the jury, the fact that defendant continues to manufacture the Profiler M does not constitute a continuing breach of the confidentiality agreement. The alleged breach, as apparently found by the jury, was a one-time use of plaintiff's data in making defendant's decision to manufacture the Profiler M.

Moreover, the jury clearly was cognizant of the fact that plaintiff sought to recover for its future damages, and considered this issue in its deliberations, as demonstrated by the additional guidance the jury sought on the issue of future sales. This is not a case in which the jury failed to

give plaintiff relief on a claim on which it found that plaintiff is entitled to relief. Here the jury provided plaintiff with relief on its breach of contract claim in the form of monetary damages, after plaintiff argued future damages and the jury was instructed on future damages. There is no evidence that the jury failed to consider plaintiff's future damages in making its damages award. The jury's refusal to award plaintiff the amount of damages it sought does not mean that the award failed to give plaintiff adequate relief, nor does it constitute the "manifest injustice" that would justify amending the judgment to add injunctive relief.

Similar reasoning applies to plaintiff's claim with respect to defendant's laboratory notebook, which contains confidential information from plaintiff's UV filter requirements sheet. It is unrebutted that (a) the Profiler M relies on different UV-measuring technology than the various UV-measuring devices produced by plaintiff, (b) the information from plaintiff's filter sheet was not used in the development of the Profiler M (or otherwise). The continuing presence of plaintiff's confidential information in defendant's laboratory notebook, without evidence that it actually was or will be used, does not constitute "manifest injustice" justifying amending the judgment to enjoin its use or compel its return.

### B. Plaintiff's Motion for Judgment as a Matter of Law

Pursuant to Rule 50(b), the court may direct entry of judgment as a matter of law in favor of one party if there is "no legally sufficient evidentiary basis for a reasonable jury to find for the [other] party" on an issue. Fed. R. Civ. P. 50(b)(1)(C), 50(a)(1). To resolve the motion, the court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-50 (2000). It may not make credibility determinations or weigh the evidence and must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.*; *see also* Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 2d* § 2524 at 255-57 (2d ed. 1995)(citations omitted); *Cox v. Collins*, 7 F.3d 394, 396 (4th Cir. 1993). Since a post-trial motion for judgment as a matter of law pursuant to Rule 50(b) is a renewal of a motion made at the close of evidence, courts have found that a motion made after trial may only be based on the grounds raised in the earlier motion, and any other arguments are waived. *See Ramar Coal Co. v. International Union*, 814 F. Supp. 502, 508-09 (W.D. Va. 1993).

<u>1) Timing and Substance of Plaintiff's Motion</u>

Plaintiff requested "specific performance in the form of an injunction" prohibiting distribution of the Profiler M for the duration of the contract in its motion at the close of the

evidence (Partial Trial Tr. at 19), thereby preserving its argument for purposes of the instant motion. *See Ramar Coal Co., supra.* Defendant's procedural arguments to the contrary are both inaccurate and unavailing. But by failing to address plaintiff's alleged entitlement to the return and/or destruction of its documents in its motion at the close of the evidence, plaintiff has waived that argument for the purposes of its renewed motion for judgment as a matter of law. *Id.* For the same reason, plaintiff's argument that defendant should be prohibited from making future use of plaintiff's confidential information, "including but not limited to use by the development, marketing, or sale of *new* products based on" plaintiff's confidential information (Pl.'s Rebuttal Mem. at 9-10)(emphasis added) is also waived.

2) Equitable Remedies Available for Breach of Contract

Plaintiff characterizes the equitable relief sought as "specific performance in the form of an injunction" (Partial Trial Tr. at 19), but specific performance and injunctive relief are two separate and distinct remedies. The equitable remedy of specific performance is available to enforce a contract where a plaintiff can first prove a contract enforceable at law, and the performance granted is "the very (specific) thing called for by the contract." *Robertson v. Gilbert*, 249 S.E.2d 787, 789 (Va. 1978)(citations omitted). Although the jury clearly found that the contract at issue is enforceable, the relief requested in the instant motion cannot be accurately characterized as the very specific thing called for by the contract. To interpret contractual terms limiting the use of confidential information as 'specifically calling' for an injunction with respect to every possible violation of those terms would conflate the equitable remedies of specific performance and injunctive relief (and, perhaps, the legal remedy of money damages). It is therefore inappropriate to label the relief requested in plaintiff's motion as specific performance of the contract at issue.

The arguments raised in plaintiff's motion and defendant's opposition memorandum are directed almost exclusively at the issue of injunctive relief. Therefore the court will examine plaintiff's motion under the standards set forth for injunctive relief under Virginia law.

As stated earlier, under Virginia law a party "must show irreparable harm and the lack of an adequate remedy at law" to obtain an injunction. *Black & White Cars, Inc. v. Groome Transportation, Inc. supra*, 441 S.E.2d 391, 395 (Va. 1994). Virginia courts have imposed injunctions as remedies for continuing breach of duties including contractual duties. *See, e.g., Worrie v. Boze*, 62 S.E.2d 879 (Va. 1951) (upholding injunction where contract contained non-competition provision which expressly conceded irreparable harm.); *Prospect Dev. Co. v.*

6

*Bershader*, 515 S.E.2d 291 (Va. 1999) (upholding injunction to enforce rights under easement); *High Knob, Inc. v. Allen*, 138 S.E.2d 49 (Va. 1964)(upholding injunction to prevent defendant from cutting off plaintiff's water supply).  In those cases, monetary damages would not have provided plaintiff with complete relief.  However, where monetary damages would fully compensate a party, that party has an adequate remedy at law and an injunction should not issue.

   3) Plaintiff Failed to Establish an Inadequate Remedy at Law

  Although plaintiff properly notes that legal damages and equitable relief are not mutually exclusive (Pl.'s Mot. at 5), it is specious to contend that plaintiff's remedy at law was inadequate under the facts of this case.  Somewhat surprisingly, plaintiff's argument incorporates defendant's contention that the evidence of defendant's future sales was "too speculative to be factored into a calculation of damages." (Pl.'s Mot. at 6.)  In doing so, plaintiff distorts defendant's position, namely that plaintiff failed to *prove* its anticipated future damages. Defendant never suggested that plaintiff's future damages were incapable of being reduced to a reasonable estimate, but rather that plaintiff failed to provide the jury with a *basis* for making a reasonable estimate.

  Plaintiff did not develop its evidence of future damages through an expert witness, nor did it introduce the damages spreadsheet it had developed prior to trial.  (Def.'s Opp'n Mem. at 13.)  Instead, plaintiff chose to rely on the testimony of its president on the profitability of its products and a document which estimated defendant's future sales.  To the extent that the jury's damages award may not include future damages, that is attributable to a failure of proof and not any inherent inability to quantify the harm

  Plaintiff has failed to demonstrate that injunctive relief is necessary to prevent irreparable harm, having been content at the trial to proving defendant's breach and its consequential damages.  Furthermore, plaintiff has failed to demonstrate that its remedy in damages is inadequate.  Therefore, the injunctive relief sought will not be ordered.

   4) Plaintiff Would Not Be Entitled to an Injunction Had it Prevailed on All Three Counts

  Even if plaintiff had prevailed on its claims for fraud in the inducement and  under the Virginia Uniform Trade Secret Act ("VUTSA"), it would not be entitled to the injunctive relief sought.  The appropriate remedy for fraud in the inducement is either "rescission of the contract *or* an action for damages." *Hitachi Credit Am. Corp. V. Signet Bank*, 166 F.3d 614, 630 (4th Cir. 1999)(emphasis added).  Rescission of the contract is the sole equitable remedy available for

fraud in the inducement.  As a result, plaintiff would not have been entitled to an injunction had it prevailed on its fraud claim.

Nor, under these facts, would injunctive relief have been available pursuant to the VUTSA, even if the jury had returned a verdict in plaintiff's favor.  The VUTSA authorizes the court to enjoin actual or threatened misappropriation.  Va. Code § 59.1-337.  Under Virginia law, "[a]n appropriate injunction in a trade secrets case limits its scope to prohibiting action involving the specific documents identified as trade secrets . . . ." *MicroStrategy, Inc. v. Business Objects, S.A.*, 331 F. Supp. 2d 396, 341 (E.D. Va. 2004).  In this case, the documents plaintiff identified as trade secrets were several pages of financial information and a one page requirements sheet for plaintiff's UV filter.  Defendant's future production of Profiler M does not constitute "action involving the specific documents identified" because there was no evidence that the Profiler M incorporates the technology contained in plaintiff's requirements sheet.  Similarly, there is no connection between the future production of the Profiler M and plaintiff's old financial information.  As a result, plaintiff would not have been entitled to the injunctive relief sought even if it had prevailed on its claim under the VUTSA.

## Conclusion

For the reasons stated above, the court finds that the evidence in the record establishes that plaintiff is not entitled to an amended judgment or partial judgment as a matter of law.

An appropriate order accompanies this opinion.

                                                /s/
                                    Thomas Rawles Jones, Jr.
                                    United States Magistrate Judge

May 15, 2006
Alexandria, Virginia